The undersigned have reviewed the Award based upon the record of the proceedings before the Deputy Commissioner.
The appealing party has shown good grounds to reconsider the evidence. However, upon reconsideration of the evidence, the undersigned reach the same facts and conclusions as those reached by the Deputy Commissioner. Neither party here requested the Full Commission to receive further evidence or to rehear the parties or their representatives. The Full Commission, in their discretion, have determined that there are no good grounds in this case to receive further evidence or to rehear the parties or their representatives, as sufficient convincing evidence exists in the record to support their findings of fact, conclusions of law, and ultimate order.
Accordingly, the Full Commission find as fact and conclude as matters of law the following, which were entered into by the parties as
STIPULATIONS
1. At the time of the injury giving rise to this claim, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. At such time, an employment relationship existed between plaintiff and defendant-employer.
3. Defendant-employer was self-insured.
4. Plaintiff's average weekly wage was $576.94, yielding a compensation rate of $384.65.
5. Plaintiff's medical records were stipulated into evidence.
* * * * * * * * * * *
The Full Commission adopt as their own all findings of fact found by the Deputy Commissioner, with minor technical modifications and clarification to Findings of Fact, 5, 10, and 13, as follows:
Based upon the competent and convincing evidence adduced at the hearing, the undersigned make the following additional
FINDINGS OF FACT
1. At the time of the initial hearing in this matter, plaintiff was forty-three years old. He is a high school graduate and has attended one year of college and two years at a community college.
2. Plaintiff began working for defendant-employer on August 22, 1988. At the time of the injury giving rise to this claim, he was assistant supervisor of defendant-employer's Olympic plant.
3. On or about April 2, 1992, plaintiff was pushing a log into the laminator when it began to fall toward him. As he grabbed the log to prevent it from falling on him, he felt a sharp pain in his lower back, causing him to fall to his knees. Plaintiff did not report the injury to his supervisor.
4. Plaintiff sought medical treatment from his family doctor later that same day and subsequently came under the care of Dr. Randy Kritzer, a neurosurgeon. As a result of the accident which occurred on or about April 2, 1992, plaintiff had a herniated disk at L3-4 with a free fragment that migrated inferiorly under the L4 nerve root. On May 6, 1992, Dr. Kritzer performed a lumbar microdiskectomy.
5. Plaintiff returned to work for defendant-employer on June 22, 1993, and as of the date of the initial hearing continued to be employed by defendant-employer.
6. As a result of the accident on or about April 2, 1992, plaintiff has a 15 percent permanent functional impairment to his back.
7. Plaintiff was familiar with worker's compensation forms and procedures, and part of his job duties as supervisor was processing claims for injured employees. Plaintiff himself also had filed a worker's compensation claim for a shoulder injury in February 1989 while employed by defendant-employer.
8. On November 9, 1993, plaintiff first gave written notice to his supervisors of the incident which occurred on or about April 2, 1992. He waited 19 months after the incident because of his own prior worker's compensation claim, the nature of his supervisory role, and fear of reprisal for reporting an on-the-job injury.
9. After the incident was reported, Andy Griffin, defendant-employer's safety manager, gave plaintiff an Industrial Commission pamphlet describing how to file a claim and warned him about the two-year filing limitation.
10. After plaintiff had reported the incident, defendant-employer interviewed eight of plaintiff's co-workers in an effort to investigate the incident. These witnesses were unable to recall with any specificity the event which occurred nineteen months earlier. Defendant-employer also did not have the opportunity to provide immediate medical treatment in an effort to minimize the seriousness of plaintiff's injury. After the incident on or about April 2, 1992, plaintiff continued working his regular hours plus overtime without seeking any medical treatment, other than one visit to his family doctor, for almost four weeks.
12. Defendant-employer filed an Industrial Commission Form 19 on April 18, 1994.
13. Plaintiff took no action regarding his claim until May 21, 1994, when he filed a Form 33 with the Industrial Commission. There is no evidence that any employee of defendant-employer ever made any false misrepresentation or concealment of any material facts as to plaintiff's claim or tried to prevent plaintiff from filing a claim within the two-year period. There is no convincing evidence that plaintiff was ever lulled into believing that his claim was being taken care of by defendants. In fact, he was well aware that the statute of limitations was running with defendant-employer taking no action yet took no initiative on his own to file his claim. Plaintiff was even given a pamphlet by defendant-employer and warned of the two year statute of limitations by defendant-employer.
14. Defendant-employer did not have written or actual notice within 30 days that plaintiff was claiming that he injured his back on or about April 2, 1992. Defendant-employer certainly knew that plaintiff was having back problems. However, plaintiff's supervisors had no notice plaintiff was claiming that the back problems were related to an injury arising out of and in the course of his employment with defendant-employer until he started talking about the incident to his supervisors in the spring of 1993 and then made a written report nineteen months after the incident.
15. Plaintiff did not offer a reasonable excuse for failing to notify defendant-employer within 30 days of his alleged accident or for his failure to file a claim with the Industrial Commission within two years. Plaintiff is a well-educated individual and a supervisor who prepared worker's compensation claims for his workers. He had filed a prior worker's compensation claim for his own shoulder injury, and he realized the seriousness of the back injury within 30 days from the date of the incident. The failure of defendant-employer's supervisors to finalize accident reports or the Form 19 report does not constitute misrepresentation and the fact that defendant-employer was reluctant to report the claim should have put plaintiff on notice that it was incumbent upon him to file his own claim.
* * * * * * * * * * *
Based upon the findings of fact as found by the Deputy Commissioner and adopted by the Full Commission, the Full Commission find as follows:
CONCLUSIONS OF LAW
1. Proper filing of a claim within two years after an accident is a condition precedent to jurisdiction by the North Carolina Industrial Commission. N.C. Gen. Stat. § 97-24 (a). Since plaintiff did not file a claim with the North Carolina Industrial Commission within the two-year period prescribed by N.C. Gen. Stat. § 97-24, plaintiff is barred from receiving compensation under the North Carolina Worker's Compensation Act. Id.
2. Defendants are not estopped to rely on N.C. Gen. Stat. § 97-24 in bar of plaintiff's claim. Id. There was no claim by plaintiff that he was affirmatively misled by defendant-employer's activities into not filing his claim in a timely manner because he thought defendant-employer was taking care of the matter for him and thus that he, in any way, could detrimentally rely upon them.
3. In addition, no compensation is payable to a plaintiff unless written notice is given within 30 days after the alleged accident occurred. N.C. Gen. Stat. § 97-22. Plaintiff did not have reasonable excuse for his failure to timely give said notice to defendant-employer.
* * * * * * * * * * *
Based upon these conclusions of law, the Full Commission have determined there exists no basis for amending the Award. Accordingly, the foregoing stipulations, findings of fact, and conclusions of law engender the following:
ORDER
1. Under the law, plaintiff's claim must be, and the same is HEREBY DENIED.
2. Each side shall bear its own costs.
This case is ORDERED REMOVED from the Full Commission docket.
This the __________ day of ________________________, 1996.
 S/ ___________________________ J. HOWARD BUNN, JR. CHAIRMAN
CONCURRING:
S/ _______________________ THOMAS J. BOLCH COMMISSIONER
S/ _______________________ KIMBERLY L. CRAMER DEPUTY COMMISSIONER
JHB/nwm 06/24/96